HOWARD v. RICHMAN AND RHEA.

On a rule to show cause why satisfaction should not be entered on the record, the sheriff, having been made a party, must have notice, and court will allow time after argument to give the notice.

---

*Leake* had obtained a rule upon Cripps, the sheriff, and Howard, the plaintiff, to show cause why satisfaction should not be entered on the record, the moneys due on the execution

Howard v. Richman and Rhea,

having been paid to the sheriff. In support of the rule he cited 2 *Lillic's Entries* 486, and *The State* v. *Freeman.*

It appeared that a copy of the rule had been duly served on Howard, the plaintiff, but the defendants were not able to prove notice to the sheriff, which Leake insisted, however, was unnecessary, as the plaintiff alone need be called on to show cause. If, however, the court should think notice to the sheriff was essential, he prayed that the case might be postponed.

*Stockton,* on the same side, said he had never known the sheriff called on in similar cases.

On the other side, it was contended the defendants must proceed on the rule as they have taken it ; having made the sheriff a party on the record, he ought to have notice of it. It is irregular and unjust to proceed against one, or to make him a party to a proceeding without his knowledge. Nor is it competent for the defendants at this period to strike out his name and go on against the plaintiff singly. With regard to a postponement, it was contended it was too late. After a party has gone through his argument and [140] finds he must fail, he cannot regularly ask a postponement. If the court deemed the service of the rule upon the sheriff as material and necessary, they will now discharge it as unsupported.

PER CURIAM. The defendants having made Cripps a party, it is altogether immaterial whether that was necessary or not; he must have notice of the proceeding, and the defendants cannot abandon that part of their rule.

The court, however, gave further time.

CITED *in State* v. *Lyon, Coxe* 412.